# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Dana & Bryan Brazdo, | : Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Admin Recovery LLC; and DOES 1-10, inclusive, | : **COMPLAINT** <br> : **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiffs, Dana Brazdo and Bryan Brazdo, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Dana Brazdo ("Dana") and Bryan Brazdo ("Bryan") (collectively "Plaintiffs"), are adult individuals residing in Atlanta, Georgia, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Admin Recovery LLC ("Admin"), is a New York business entity with an address of 5930 Main Street, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Admin and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Admin at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiffs allegedly incurred a financial obligation in the approximate amount of $5,973.00 (the "Debt") to Wells Fargo (the "Creditor") for an engagement ring.

9.	The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.	The Debt was purchased, assigned or transferred to Admin for collection, or Admin was employed by the Creditor to collect the Debt.

11.	The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. <u>Admin Engages in Harassment and Abusive Tactics</u>**

12.	Within the past year, Admin contacted Plaintiffs in an attempt to collect the Debt.

13.	On December 1, 2011, Admin contacted Plaintiffs, causing their cellular telephone lines to ring up to four (4) times.

14.	Admin informed Dana that it had received a court order authorizing Admin to repossess an engagement ring and that sheriff's deputies were on their way to her home to repossess the ring.

15.	Admin also told Dana that she would be arrested if she failed to immediately pay the Debt, causing Dana to feel frightened and confused.

16.     These threats caused Dana to become distressed and to ask that Brian, her husband, leave work early to assist her in dealing with Admin, causing him to lose a day's wages.

17.     Admin's collector informed Brian that Admin had obtained a writ of replevin against Plaintiffs.

18.     Admin's collector used aggressive and hostile language when communicating with Plaintiffs in an effort to intimidate Plaintiffs into making immediate payment of the Debt, including using a condescending and threatening tone. Admin told Plaintiff, "You need to contact your attorney. You are going to need one." This caused a great amount of distress and humiliation for Plaintiffs.

19.     Admin terminated the call when Plaintiffs were speaking, causing Plaintiffs to feel oppressed.

20.     Admin contacted Plaintiffs' landlord on at least two occasions in an attempt to collect the Debt.  At time of said contacts, Admin was aware of Plaintiffs' location information.

21.     Admin disclosed the existence of the Debt to Plaintiffs' landlord, stating that Admin had obtained a repossession order for Plaintiffs' personal property and that a sheriff's deputy was on the way to Plaintiff's home to repossess the ring.

22. Admin failed to inform Plaintiffs that the communication was an attempt to collect a debt and everything Plaintiffs said would be used for that purpose.

### C. Plaintiffs Suffered Actual Damages

23. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

26. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

28. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiffs' debt and stated that the Plaintiffs owed a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

31. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiffs without disclosing the identity of the debt collection agency.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiffs with imprisonment if the Debt was not paid.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiffs with seizure of his property if the Debt was not paid.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

38. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, et seq.

40. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Plaintiffs are "consumers" as the term is defined by O.C.G.A. § 10-1-392(6).

42. The Plaintiffs incurred a Debt as a result of engaging into "consumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

43. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

44. The Plaintiffs suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

45. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiffs is entitled to damages plus reasonable attorney's fees.

## COUNT III
## INTENTIONAL (OR RECKLESS) INFLICTION OF EMOTIONAL DISTRESS

46. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

48. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Georgia.

49. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

50. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiffs.

51. Plaintiffs did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

52. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of Georgia.

## COUNT IV
## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS

53. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The acts, practices and conduct engaged in by the Defendants and complained of herein constitutes a public disclosure of embarrassing private facts about the Plaintiffs under the Common Law of the State of Georgia.

55. The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

56. The Plaintiffs has suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with,

among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless,

and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 16, 2011

>Respectfully submitted,
>
>By: /s/ Cara Hergenroether, Esq.
>Attorney Bar No.: 570753
>Attorney for Plaintiffs
>Dana Brazdo & Bryan Brazdo
>LEMBERG & ASSOCIATES L.L.C.
>1400 Veterans Memorial Highway
>Suite 134, #150
>Mableton, GA 30126
>Telephone: (855) 301-2100 ext. 5516
>Facsimile:  (888) 953-6237
>Email: chergenroether@lemberglaw.com